UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA KAY SMITH

CASE NO. 06-12919
HON. LAWRENCE P. ZATKOFF

    Plaintiff,

v.

CYNTHIA J. BILLINGS
and DENNIS KRAMER,

    Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 30, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on Defendants' Motion to Dismiss filed on July 24, 2006, and Plaintiff's Motion for Summary Judgment and Injunction filed on July 28, 2006. The parties have both replied to the motions. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Defendants' Motion to Dismiss is GRANTED, and Plaintiff's Motion for Summary Judgment and Injunction is DENIED.

## II.  BACKGROUND

Plaintiff's husband died in January 2005. Plaintiff's husband was a member of the Iron Worker's Local No. 25 union, and after his death Plaintiff applied for surviving spouse benefits from the union's pension plan ("the Plan"). Plaintiff received a letter from Defendant Billings, the Plan compliance attorney, which contained the following language:

> Based on the fact that the Death Certificate issued at the time of your husband's death indicates that his death was a homicide, we must verify, pursuant to state law, that any beneficiary entitled to receive benefits payable on behalf of the decedent are [sic] not considered suspects in the death of the decedent. As a result, it is necessary for you to provide our office with evidence to substantiate the fact that you are not considered a suspect in the death of your husband.

Rather than provide the requested information, Plaintiff brought suit against Defendant Billings and Defendant Kramer, the Plan administrator.

### III. LEGAL STANDARD

A motion brought pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiff's claims.

The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577-78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). Furthermore, the Court need not accept as true legal conclusions or unwarranted factual inferences. The Court may properly grant a motion to dismiss when no set of facts exists that would allow Plaintiff to recover. *See Carter by Carter v. Cornwall*, 983 F.2d 52, 54 (6th Cir. 1993).

In deciding a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by

reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to FED. R. CIV. P. 56. *See* FED. R. CIV. P. 12(b).

## IV.  ANALYSIS

Plaintiff has brought a negligence claim and a 42 U.S.C. § 1983 claim against Defendants. Defendants argue that Plaintiff's negligence claim is preempted by ERISA. Defendants are correct; ERISA preempts state law causes of action relating to employee benefit claims. *Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 582 (6th Cir. 2002). Defendants further argue that Plaintiff has not exhausted her administrative remedies.

The Sixth Circuit has noted that "it is well settled that ERISA plan beneficiaries must exhaust administrative remedies prior to bringing a suit for recovery on an individual claim." *Hill v. Blue Cross & Blue Shield*, 409 F.3d 710, 717 (6th Cir. 2005). Defendants note that the Plan contains a process for appeals, and decisions of the Plan administrator must be appealed to the Trustees before suit can be brought. Defendants also note that Plaintiff was never denied benefits; she was merely asked to provide additional information. The Court agrees that Plaintiff has failed to exhaust her administrative remedies.

Defendants also argue that Plaintiff's 42 U.S.C. § 1983 claim must be dismissed, because Defendants did not act under color of law. Liability under § 1983 "attaches only to those wrongdoers 'who carry a badge of authority of a State and represent it in some capacity.'" *Nat'l Collegiate Ath. Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)). Defendants argue that the Plan is a private benefits plan, and that the state has no

involvement with the Plan, its counsel, or its administrator. The Court finds Defendants' argument persuasive. Plaintiff has not alleged any facts that would indicate Defendants acted under color of state law. Thus, Plaintiff's § 1983 claim must be dismissed.

Plaintiff argues that Defendants' Motion to Dismiss must be stricken from the record because it was not signed, and she was not properly served. This argument is without merit: Defendants' motion was electronically filed and signed, per the court rules, and Defendants certified that the motion was mailed to Plaintiff at the address listed on the summons. Plaintiff's Motion for Summary Judgment repeats the allegations in her complaint, however, Plaintiff does not allege facts showing that she exhausted her administrative remedies, or that Defendants acted under color of state law. Thus, Plaintiff's motion must be denied.

## V. CONCLUSION

For the above reasons, Defendants' Motion to Dismiss is GRANTED. Plaintiff's Motion for Summary Judgment and Injunction is DENIED. Plaintiff's claim regarding denial of benefits is HEREBY DISMISSED without prejudice. Plaintiff's § 1983 claim is HEREBY DISMISSED with prejudice.

IT IS SO ORDERED.

                                          s/Lawrence P. Zatkoff
                                          LAWRENCE P. ZATKOFF
                                          UNITED STATES DISTRICT JUDGE

Dated: August 30, 2006

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 30, 2006.

                                <u>s/Marie E. Verlinde</u>
                                Case Manager
                                (810) 984-3290